**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

RAYFORD GRAVES                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 2:07cv306-KS-MTP

MICHAEL J. ASTRUE,
COMMISSIONER of SOCIAL
SECURITY ADMINISTRATION                                          DEFENDANT

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION IN PART AND DECLINING TO ADOPT IN PART

This cause is before the Court on request for judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying Plaintiff Rayford Graves'

claim for disability benefits [Doc. #1]; Plaintiff's Motion for Judgment on the Pleadings [Doc.

#11]; Defendant's Motion to Affirm the Decision of the Commissioner [Doc. #15];  Report and

Recommendation filed by Magistrate Judge Michael T. Parker [Doc. #18]; and Objection thereto

filed by Plaintiff Graves [Doc. # 20].  The Court adopts Magistrate Judge Parker's findings and

conclusions with the following exception: the absence of any reference to the Plaintiff's

depression – both at the hearing and in the Administrative Law Judge's ("ALJ") opinion –

necessitates **reversal and remand** for further proceedings.

## I. PROCEDURAL HISTORY

On December 12, 2005, Plaintiff applied for a period of disability, disability insurance

benefits, and supplemental security income benefits ("SSI") under Title II and Title XVI of the

Social Security Act.  The claim was denied initially and again upon reconsideration.

On November 28, 2006, Administrative Law Judge ("ALJ") Wallace E. Weakley presided over a hearing on the matter.  Admin. Rec. Tr. at 27-58 [Doc. #10] (February, 27, 2008). Plaintiff was represented at the hearing and both he and a vocational expert ("VE") testified.  *Id.* at 25.

On January 24, 2007, the ALJ rendered his decision, concluding at Step Five of the evaluation process that Graves was not disabled under the Social Security Act.  *Id.* at 14-23. Plaintiff requested review by the Appeals Council on February 16, 2007.  *Id.* at 13.  The Appeals Council denied Graves' request for review on September 19, 2007.  *Id.* at 4-7.

Plaintiff filed his Complaint in this Court on November 16, 2007.  [Doc. #1].  Magistrate Judge Parker issued a Report and Recommendation on June 16, 2008.  [Doc. #18].  Plaintiff filed his Objection on July 10, 2008, [Doc. #20] and Defendant filed a response on July 17, 2008. [Doc. #21].

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.").  Such review means that this Court will examine the entire record and will make an independent assessment of the law.  The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous,

conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

When conducting judicial review of an ALJ's decision, courts are to determine (1) whether substantial evidence of record supports the ALJ's determination and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). If the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232 (5th Cir. 1994). "The narrowly circumscribed ambit of judicial review does not, however, excuse the court from a responsibility to scrutinize the record in its entirety to determine whether substantial evidence supports each essential administrative finding." *Strickland v. Harris,* 615 F.2d 1103, 1106 (5th Cir. 1980).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

The question presented by Graves' Objection is whether the ALJ's failure to expressly consider Graves' depression constitutes reversible error. This Court holds that it does.

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled

under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

(1)     An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)     An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)     An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)     If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001); 20 C.F.R. § 404.1520. Ordinarily, a claimant's depression is relevant at several points in the evaluation process. The depression could serve as a basis at Step Two for the ALJ's determination that the claimant has a severe impairment or a severe combination of impairments.[1] *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). In addition, the impact of a claimant's depression is to be taken into account when determining a claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1529(d)(4). To the extent the depression limits the claimant's ability to work in a manner not accounted for in

---

[1] Plaintiff contends that the ALJ erred by not finding Plaintiff's depression to be "severe" at Step Two. Def.'s Br. at 2. To the extent the Plaintiff contests the ALJ's decision at Step Two, which was favorable to the Plaintiff, the argument is unnecessary. When an ALJ's analysis proceeds beyond Step Two because a combination of impairments deemed severe is determined to exist, *all medically determinable impairments* must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523 & 416.923.

the RFC, it must be considered at Steps Four and Five.  *See Strickland v. Harris*, 615 F.2d at

1109; *Dellolio v. Heckler*, 705 F.2d 123, 128 (5th Cir. 1983).

      An ALJ's failure to consider the effects of an impairment *or* the effects of an impairment

in combination with the claimant's other impairments constitutes reversible error.  *Scott v.

Heckler*, 770 F.2d 482, 487 (5th Cir. 1985).  Indeed, it is well established that "mental and

psychological defects can combine with physical impairments to create total disability to perform

gainful employment."  *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980).  Accordingly, the

Code of Federal Regulations specifically requires that ALJs incorporate pertinent findings in the

Psychiatric Review Technique into their decisions.  20 C.F.R. § 1520a(e)(1).

      Numerous courts in this circuit have reversed and remanded ALJ decisions due to the

ALJs' failure to expressly consider the combined effect of a claimant's impairments.  In

*Strickland v. Harris*, for example, the court held that "the degree of impairment caused by the

combination of physical and mental medical problems" was a "crucial issue."  615 F.2d at 1110.

The court indicated that the issue "was essential to a conclusion of no disability" and the court

remanded for consideration of the issue as a result.  *Id.*  In *Dorsey v. Heckler*, the court remanded

after indicating that "where there are several illnesses suffered simultaneously by the claimant,

the combined effect of the impairment *must be considered* before the Secretary denies the

payment of disability benefits."  702 F.2d 597, 605 (5th Cir. 1983).  In *Brenem v. Harris*, the

court reversed and remanded after the ALJ failed to include the claimant's psychological

impairments in the interrogatories posed to the VE.  621 F.2d 688, 690 (5th Cir. 1980); *see also

Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Brenem*, 621 F.2d at 690) ("where,

as here, a claimant has alleged a multitude of impairments . . . it is the duty of the administrative

law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.").

In this case, there are numerous documents in the record that contain references to Graves' depression.  When he applied for benefits, Graves indicated that he was suffering from the effects of fibromyalgia, degenerative rheumatoid arthritis, high blood pressure, and bad nerves.  Admin. Rec. Tr. at 113.  Graves alleged that these conditions limited his ability to work by, *inter alia*, causing him to be "severely depressed."  *Id.*  Graves' medical records substantiate his allegation of depression: they establish that Graves has a history of depression and has undergone treatment to alleviate its symptoms in the past.  *E.g.*, *id.* at 149.  In addition, the Psychiatric Review Technique completed by Dr. Sylvester McDonnieal indicates that Graves is mildly limited by "nonsevere" depression.  *Id.* at 260, 262.

Despite the existence of the medical records substantiating Graves' allegation of depression, the ALJ did not reference the impairment at the hearing or in its decision.  *See id.* at 14-23.  At Step Two, the ALJ found "the following severe combination of impairments: severe joint pain, back and knee pain, drug detoxification, and fibromyalgia."  *Id.* at 19.  Then, the ALJ concluded that Graves "has the residual functional capacity to perform sedentary work."  *Id.* at 20-22.  At Step Five, the ALJ indicated that Graves' ability to work was "impeded by additional limitations," but, as with the previous steps, did not expressly take the depression into account.  *Id.* at 23.  Ultimately concluding at Step Five that Graves was not disabled, the ALJ expressly relied on the VE's testimony that Graves could perform the requirements of several occupations.  *Id.*  A review of the transcript reveals, however, that the ALJ did not include the fact that Graves

suffered from depression in the hypotheticals he posed to the VE for consideration.  *Id.* at 55-57.

By failing to consider Graves' depression, the ALJ neglected to resolve a crucial issue.

Accordingly, reversal and remand are warranted.  *See Strickland*, 615 F.2d at 1108-10.  In

addition, the ALJ's determination at Step Five was not supported by substantial evidence because

the hypothetical posed to the VE did not contain an accurate and complete description of Graves'

particular impairments.  *See Brenem*, 621 F.2d at 690 (remanding after finding that there was no

indication in the record that the VE had been apprised of the claimant's psychological problems);

*Boyd*, 239 F.3d at 708 ("Because the ALJ relied on testimony elicited by a defective hypothetical

question, the ALJ did not carry his burden to show that despite [the claimant's] impairments, [the

claimant] could perform available work.").

Defendant's arguments in support of the ALJ decision focus in large part on the perceived

lack of severity of Graves' depression.  *See* Def.'s Br. at 6-7 [Doc. #16] (May 28, 2008).  This

Court will not assume, however, that Graves' depression is too minor to have the potential to

affect the ALJ's decision at Step Five.  The determination as to the severity and effect of an

impairment is to be made by the ALJ rather than by a court on judicial review.  20 C.F.R. §

1520a(e)(1).  This requirement is especially worthy of adherence here since the ALJ appears to

have completely failed to consider Graves' depression in reaching his decision.  *See Loza*, 219

F.3d at 393 ("[T]he ALJ must consider all the record evidence and cannot 'pick and choose' only

the evidence that supports his position.").  Moreover, the Court does not agree with Defendant's

argument that it is clear from the record that consideration of Graves' depression would not have

affected the ALJ's decision.  To the contrary, proper consideration of the impairment may well

have been determinative in light of the fact that the ALJ reached Step Five of the evaluation

process and found that Graves could perform only sedentary work with limitations.

Finally, this Court will not simply assume that the ALJ did consider Graves' depression in reaching his decision. *C.f. Brenem*, 621 F.2d at 690 ("We do not think it is proper to assume that because the vocational expert was aware of [the claimant's] psychological problems, that he took them into consideration in answering hypothetical questions which referred only to physical impairments. Or at least we have no basis for assuming that had these factors been included in the hypothetical questions his answer would have been the same."). The ALJ's statement that he "considered all the evidence" does not assuage this Court's concerns. *See Scott v. Heckler*, 770 F.2d 482, 487 (5th Cir. 1985) (finding the ALJ's statement that he had "carefully considered the entire record" insufficient since the ALJ had not addressed the cumulative effect of the claimant's impairments).

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. By virtue of this Court's power to enter an order and judgment affirming, modifying, or reversing the Commissioner's decision with a remand in Social Security actions under 42 U.S.C. § 405(g), the defendant's objection to the ALJ decision is well taken and the matter is ordered to be remanded for further administrative action.

The Court orders that upon remand this matter will be returned to an ALJ for further development of the evidence regarding the severity of Graves' impairment caused by his depression. In addition, the ALJ should determine whether Graves' depression (in combination

with Graves' other impairments) will impose further limitations on his ability to make an adjustment to other work in the economy.  The ALJ will also provide Plaintiff with a new administrative hearing.  Should the ALJ once again rely on the testimony of a VE to make his decision, the ALJ will be directed to pose a hypothetical that includes any additional limitations caused by Graves' depression.

SO ORDERED AND ADJUDGED on this, the 27th day of August, 2008.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE